UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CHRISTIANE LANDRY

VS.                                                      CA NO:

BROWN UNIVERSITY, Administrator
BROWN UNIVERSITY HEALTH AND WELFARE PLAN and
LINCOLN NATIONAL LIFE INSURANCE COMPANY

## COMPLAINT IN CIVIL ACTION

NOW COMES the Plaintiff, Christiane Landry by her attorney, Mark B. Morse, and sets forth the following:

## JURISDICTION AND VENUE

Plaintiff brings this action to recovery damages and for equitable relief under the provisions of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq., and particularly Section 510 (20 U.S.C. 1140), 20 U.S.C. 1104 *et seq.*, and all other applicable provisions of the Act to redress the termination of her Long-Term Disability Benefits, which was done pretextually and with the purpose of interfering with a right to which she was entitled under an employee benefit plan.

## THE PARTIES

1. Plaintiff is a citizen of the United States of America and resides at 81Erie Street

Providence, RI 02908. At all times material hereto, Plaintiff has been an employee of Brown University (hereinafter the Employer) since on or about July 27, 2015 most recently as a senior library technician.

2. The Employer, incorporated in the State of Rhode Island with a principal place of business at 1 Prospect Street, Providence, RI 02906, is a non-profit corporation authorized to do business in the State of Rhode Island doing business as an educational institution of higher learning.

3. The Employer is an employer within the meaning of ERISA.

4. The Employer maintains an employee benefit plan known as the BROWN UNIVERSITY HEALTH AND WELFARE PLAN; (herein the Plan) and BROWN UNIVERSITY is the plan sponsor of the Plan within the meaning of ERISA.

5. Defendant BROWN UNIVERSITY (herein Plan Administrator), is a corporation which serves as the Plan Administrator of the Plan within the meaning of ERISA.

6. Defendant LINCOLN NATIONAL LIFE INSURANCE COMPANY (hereinafter Lincoln ) is a corporation engaged in the business of insurance with a principal place of business in Omaha, Nebraska, and which is authorized to do business in the State of Rhode Island.

**FACTUAL ALLEGATIONS**

7. At all times material hereto, the Employer and the Plan Administrator caused Lincoln to have issued to the Employer a policy of group disability insurance for certain of the Employer's employees, including Plaintiff.

8. Pursuant to the terms and conditions of the aforesaid policy, Plaintiff was an insured under said policy.

9. The Plan Administrator administers the Plan through the aforesaid policy purchased from Lincoln.

10. By virtue of the relationship by and among the Employer, the Plan Administrator and Lincoln jointly administer the Plan.

11. The Plan is an employee benefit plan within the meaning of ERISA, and 29 U.S.C. 1002(4), 29 U.S.C. § 1104 et seq., and 29 U.S.C. § 1140.

12. On or about April 26, 2019, Plaintiff sustained substantial injuries.

13. Since on or about April 26, 2019, Plaintiff has been unable to perform the substantial duties of her job or perform any substantial and gainful employment.

14. Since April 26, 2019, Plaintiff has been diagnosed with various debilitating injuries and illnesses, including, major depressive disorder, schizoaffective disorder, depressive type, auditory hallucinations, agoraphobia, anxiety disorder, visual hallucinations, sleep disorders, and other severe psychiatric symptoms.

15. As a result of her injuries and illnesses, since on or about April 26, 2019, Plaintiff has been, and continues to be, disabled within the meaning of the Plan.

16. Commencing on or about October 24, 2019 following the applicable elimination period, Plaintiff was entitled to Long-Term Disability Benefits.

17. On or about May 10, 2024, the Plan Administrator, and Lincoln Financial discontinued Plaintiff's disability benefits, even though she remained disabled within the meaning of the Plan.

18. Plaintiff filed a timely appeal of the termination of her benefits in accordance with the Plan requirements and instructions in the initial letter of denial.

19. On or about March 4, 2025 the Plan Administrator and Lincoln Financial terminated benefits with no further right of appeal.

20. . There was, and is, no legal or factual basis for denial of the claims presented by Plaintiff.

21. Plaintiff has complied with all requirements of the administrative claims procedures as set forth in the Plan.

22. Plaintiff met all of the conditions and qualifications for payment of Long-Term Disability Benefits and is entitled to receive and Defendants are obligated to pay same.

23. Defendants have failed to keep their agreements and promises by refusing to pay Long-Term Disability Benefits under the group disability policy and the Plan, and in so doing have breached same.

24. Plaintiff is totally disabled as defined under the terms of the Plan, and is entitled to Long Term Disability Benefits pursuant to the Plan.

## COUNT I

## (ERISA VIOLATION, 29 U.S.C. §1001 ET SEQ.)

25. Plaintiff incorporates by reference the allegations set forth above in Paragraphs 1 through 24, inclusive, as if more fully set forth herein.

26. The Plan Administrator and Lincoln Financial owe the obligation to completely, fairly and accurately evaluate and process all claims and pay those claims in a non arbitrary and capricious manner.

27. Since on or about October 24, 2019, Plaintiff has been entitled to Long-Term Disability Benefits under the terms of the Plan.

28. The Plan Administrator and Lincoln Financial terminated Plaintiff's benefits and have refused to pay Plaintiff's benefits in violation of the written provisions of the Plan.

29. The denial of Plaintiff's disability benefits by the Plan Administrator and Lincoln Financial constitute a purposeful and arbitrary and capricious interference with Plaintiff's right to benefits under the employee benefit plan.

30. Lincoln Financial has acted under an inherent conflict of interest in both funding and administering benefits under the Plan.

31. By virtue of the actions of the Plan Administrator and Lincoln Financial, the defendants have breached their fiduciary obligations.

WHEREFORE, Plaintiff requests that this Court exercise jurisdiction over her claims and award:

    (A) Full Legal and equitable relief under ERISA, including Long-Term Disability Benefits and prejudgment interest;

    (B) Compensatory damages;

    (C) Attorney's fee and costs of this action; and

    (D) Such other relief as the law and equity will allow.

## COUNT II
## (BREACH OF CONTRACT)

32. Plaintiff incorporates by reference the allegations set forth above in Paragraphs 1 through 31, inclusive, as if more fully set forth herein.

33. By and through its practices, writings and oral assurances, upon which Plaintiff relied and for which she gave adequate consideration by continuing to work, the Plan Administrator and Lincoln Financial created a contract with the Plaintiff.

34. Said contract was a contract to provide certain disability benefits should Plaintiff ever became disabled.

35. In refusing to pay Plaintiff's Long-Term Disability Benefits, the Plan Administrator and Lincoln Financial have breached the contract with Plaintiff causing her to suffer lost benefits under the contract.

WHEREFORE, Plaintiff requests that this Court exercise jurisdiction over her claims and award:

(A) Full Legal and equitable relief under ERISA, including Long-Term Disability Benefits and prejudgment interest;

(B) Compensatory damages;

(C) Attorney's fee and costs of this action; and

(D) Such other relief as the law and equity will allow.

        Plaintiff
By her Attorneys,
Law Office of Mark B. Morse, LLC

_____
Mark B. Morse
RI Bar Reg No 3003
420 Angell Street
Providence, RI 02906
(401) 831-0555
fax (401) 273-0937
email: mark@morselawoffice.com